UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

QUINTION M. BROWN,

    Petitioner,

v.    Case No. 3:24-cv-33-MMH-PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

## ORDER

Petitioner Quintion M. Brown, a former detainee of the Duval County Jail, filed a pro se document titled "Writ of Heabus [sic] Corpus (28 USCS § 2254)" (Petition; Doc. 1),[1] on January 10, 2024. Brown alleges that, on September 20, 2023, the state court sentenced him to eight months in the Duval County Jail with the possibility of early termination upon completion of the Matrix House Treatment Program. Petition at 1. According to Brown, the Matrix House Treatment Program denied him admittance "due to [his] history." Id. at 2. Therefore, on October 27, 2023, Brown filed a motion to reduce, correct, or modify his sentence in the state court "because the sentence

---

[1] The Court construes Brown's filing as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

cannot be carried out"; the motion remains pending. Id. As relief, Brown asks the Court to order his immediate release. Id.

Brown appears to challenge the length of the state court sentence based on his inability to satisfy the terms of early release. See generally id. However, since the filing of the Petition, Brown has been released from custody without further supervision.[2] See Inmate Search, Jacksonville Sheriff's Office, available at https://inmatesearch.jaxsheriff.org/InmateSearch (last visited March 26, 2024). Because Brown challenges his now expired sentence, rather than his underlying conviction, no collateral consequences exist for the Court to consider. His release from custody has rendered this action moot. See Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (per curiam) (affirming district court's dismissal of § 2254 petition as moot where petitioner attacked the length of his confinement, not the underlying conviction); Biester v. Lanier, 249 F. App'x 782, 783 (11th Cir. 2007) (per curiam) (dismissing as moot § 2241 petitioner's claims based on the denials of parole, pre-release placement in transitional centers, and work incentive credits where petitioner was released from custody during the pendency of the action). Accordingly, the Petition is due to be denied as moot.

---

[2] As of the date of this Order, Brown has not updated his address with the Court.

Therefore, it is now

**ORDERED:**

1. The Petition (Doc. 1) is **DENIED as moot** and this case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. If Brown appeals the dismissal of this case, the Court denies a certificate of appealability.[3] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of March, 2024.

MARCIA MORALES HOWARD
United States District Judge

---

[3] The Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Brown "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.

Jax-9 3/26
c:      Quintion M. Brown, #2023020016

4